UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SALLY BUSH, ET AL. | CIVIL ACTION NO. 09-3436 |
| versus | JUDGE DONALD E. WALTER |
| LAFOURCHE PARISH COUNCIL, ET AL | MAG. JUDGE SALLY SHUSHAN |

## MEMORANDUM RULING

Pursuant to Federal Rule of Civil Procedure 50(a), this Court finds that the following Defendants are entitled to judgment as a matter of law: LaFourche Parish Council and President of LaFourche Parish Council Charlotte Randolph.

## LEGAL STANDARD

Federal Rule of Civil Procedure 50(a)(1) provides:

> If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may:
>
> (A) resolve the issue against the party; and
>
> (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

## LAW & ANALYSIS

Respondeat superior is not a basis for liability under 42 U.S.C. § 1983. *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 736 (1989). To establish liability on the part of a local governmental entity like LaFourche Parish, the plaintiffs must demonstrate a policy or custom of the Parish which caused the alleged constitutional deprivation. *See Monell v. New York City Dept. of Soc. Serv.*, 436 U.S. 658, 690–91 (1978) (municipality cannot be held liable for violation

of civil rights solely because an employee is a tortfeasor). Local governments can never be liable under section 1983 for the acts of those whom the local government has no authority to control. *Jones v. St. Tammany Parish Jail*, 4 F.Supp.2d 606, 613 (E.D.La. 1998) (citing *McMillian v. Johnson*, 88 F.3d 1573, 1577 (11th Cir.1996), *cert. denied*, 520 U.S. 781, 117 S.Ct. 1734, 138 L.Ed.2d 1 (1997)).

Sheriffs in Louisiana are final policy makers with respect to management of the jail. *Jones*, 4 F.Supp.2d at 613. The Sheriff's policy-making authority over management of the jail is not the result of a delegation from the Parish or any other local governmental entity. *Id.* The Sheriff's authority is derived from the state constitution, not the parish. *Id.* (citing La. Const. art. 5 § 27). In accordance with Louisiana Revised Statute 13:5539, "[e]ach sheriff shall be keeper of the public jail of his parish." *See also O'Quinn v. Manuel*, 773 F.2d 605, 609 (5th Cir.1985) ("the administration of the jails is the province of the sheriff"). This duty includes the obligation to provide medical care for the prisoners. *Jones*, 4 F.Supp.2d at 613; *see also Oladipupo v. Austin*, 104 F.Supp.2d 654, 661 (W.D.La.2000) (sheriff is responsible for the administration of jail, including provision of medical care). The Court, in *Jones*, clearly enunciated the distinction between the Sheriff's responsibility and that of the Parish, in regards to management of jails:

> "The Parish has no authority to manage the Sheriff's employees. The Parish exercises no power or discretion in the functioning of the Sheriff's office or the jail. The Parish's responsibility to the jail is limited to the funding of the jail. *See* La.Rev.Stat. ann. § 15:702; [*Amiss v. Dumas*, 411 So.2d 1137, 1141 (La.App. 1st Cir.), *writ denied*, 415 So.2d 940 (La.1982))]. The Parish's fiscal responsibility for the jail does not constitute authority to control how the Sheriff fulfills his duties. *See* [*Jenkins v. Jefferson Parish Sheriff's Office*, 402 So.2d 669, 671] (La.1981)(neither the state nor the parish exercises any significant control over Sheriff's deputies)."

*Id.*

It follows that LaFourche Parish did not have a legal duty to oversee the daily

management of the LaFourche Parish Detention Center, including the medical care provided to prisoners therein. Louisiana Revised Statute 15:703(A) provides that "[t]he governing authority of each parish shall appoint annually a physician who shall attend the prisoners who are confined in parish jails whenever they are sick." La. R.S. 15:703(B) further provides, "[i]n lieu of appointing a physician, the governing authority of any parish may enter into a contract with a health care provider ... to provide requisite health care services" to those incarcerated in parish jails. It is clear that said duty is the "sole responsibility" of the governing authority, with respect to health care at parish jails. *See* La. R.S. 15:703(D). Thus, under Louisiana law, liability of the Parish and its governing authority must be based on the following provision:

> "[t]he parish and its governing authority shall not be liable for any action arising as a result of the actions or inactions of the physician or health care provider, whether ex delicto or ex quasi delicto or ex contractu, by a prisoner or his representative to recover damages or any other losses, including those for the death of the prisoner, unless the governing authority exercises gross negligence or willful misconduct in the performance of its duties and obligations imposed by this Section, and such gross negligence or willful misconduct was a substantial factor in causing the injury."

*See* La. R.S. 15:703(D).

In accordance with these duties, the plaintiffs must prove facts sufficient to show that LaFourche Parish Council and its duly elected President Charlotte Randolph engaged in gross negligence or willful misconduct in the discharge of their duties and obligations and that such substandard conduct was a substantial factor in causing Christian Bush's death. "Under Louisiana law, gross negligence is willful, wanton and reckless conduct that falls between intent to do wrong and ordinary negligence." *Houston Exploration Co. v. Halliburton Energy Services, Inc.*, 269 F.3d 528, 531 (5th Cir. 2001). In accordance with the stipulations made by the parties in this case, LaFourche Parish Council entered into two contracts regarding the medical care of

prisoners incarcerated in LaFourche Parish. One contract, entitled the "Cooperative Endeavor Agreement," was between the Parish of LaFourche and the LaFourche Parish Ambulance District No. 1. The other, entitled "Agreement for Professional Consulting and Medical Services," was between the Parish of LaFourche and LaFourche Hospital District No. 1 d/b/a Our Lady of the Sea Hospital ("OLOS"). As such, LaFourche Parish duly fulfilled its obligation under La. R.S. 15:703 to "enter into a contract with a health care provider ... to provide requisite health care services." Thus, the actions taken on behalf of the Parish fall short of even ordinary negligence, much less gross negligence. No reasonable jury could find for the plaintiffs against the LaFourche Parish Council and/or the President of LaFourche Parish, Charlotte Randolph.

Because this Court finds that plaintiffs have failed to prove that LaFourche Parish Council and/or the President of LaFourche Parish, Charlotte Randolph, were grossly negligent, we need not reach the issue of qualified immunity.

## CONCLUSION

For the foregoing reasons, the LaFourche Parish Council and the President of LaFourche Parish, Charlotte Randolph, are entitled to judgment as a matter of law. Plaintiffs' claims against LaFourche Parish Council and Charlotte Randolph are DISMISSED WITH PREJUDICE. It is **SO ORDERED**, in New Orleans, Louisiana, this 26 day of January, 2012.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE