# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SALLY BUSH, ET AL. | CIVIL ACTION NO. 09-3436 |
| versus | JUDGE DONALD E. WALTER |
| LAFOURCHE PARISH COUNCIL, ET AL | MAG. JUDGE SALLY SHUSHAN |

## MEMORANDUM RULING

Pursuant to Federal Rule of Civil Procedure 50(a), this Court finds that EMT Sandi Autin is entitled to judgment as a matter of law on all claims, and LaFourche Parish Ambulance District No. 1, Sheriff Craig Webre and Warden Cortrell Davis are entitled to judgment as a matter of law regarding plaintiffs' claims of deliberate indifference under 42 U.S.C. § 1983.

## LEGAL STANDARD

Federal Rule of Civil Procedure 50(a)(1) provides:

> If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may:
>
> (A)   resolve the issue against the party; and
>
> (B)   grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

## LAW & ANALYSIS

In determining which standard to apply in analyzing constitutional challenges by pretrial detainees, the Court must first determine if the plaintiffs' challenge is classified as an attack on a "condition of confinement" or as an "episodic act or omission." *Scott v. Moore*, 114 F.3d 51, 53 (5th Cir. 1997) (en banc)(internal citations omitted). A "condition of confinement" case is a "[c]onstitutional attack[ ] on general conditions, practices, rules, or restrictions of pretrial

confinement." *Id.* In contrast, an "episodic act or omission" case exists "where the complained-of harm is a particular act or omission of one or more officials." *Id.* The claims against the individual defendants in this case are properly analyzed under the standard for an "episodic act or omission" case, as opposed to a "condition of confinement" case. "In an 'episodic act or omission' case, an actor usually is interposed between the detainee and the municipality, such that the detainee complains first of a particular act [or] omission by[] the actor and then derivatively to a policy, custom, or rule (or lack thereof) of the municipality that permitted or caused the act or omission." *Id.* "[A] state official's episodic act or omission violates a pretrial detainee's due process rights to medical care [and protection from harm] if the official acts with subjective deliberate indifference to the detainee's rights." *Jacobs v. West Feliciana Sheriff's Dept.*, 228 F.3d 388, 393 (5th Cir. 2000) (citing *Nerren v. Livingston Police Dep't*, 86 F.3d 469, 473 (5th Cir.1996)).

The government has an obligation to provide medical care to those whom it is punishing by incarceration. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). Pretrial detainees have a constitutional right to medical care and protection from harm during their confinement. *Hare v. City of Corinth*, 74 F.3d 633, 650 (5th Cir.1996) (en banc) ("*Hare I*"). In *Partridge v. Two Unknown Police Officers of City of Houston, Tex.*, the Fifth Circuit explained:

> [T]he defendants had a duty, at a minimum, not to be deliberately indifferent to [the prisoner's] serious medical needs. A serious medical need may exist for psychological or psychiatric treatment, just as it may exist for physical ills. A psychological or psychiatric condition can be as serious as any physical pathology or injury, especially when it results in suicidal tendencies. And just as a failure to act to save a detainee from suffering from gangrene might violate the duty to provide reasonable medical care absent an intervening legitimate government objective, failure to take any steps to save a suicidal detainee from injuring himself may also constitute a due process violation under *Bell v. Wolfish*.

791 F.2d 1182, 1187 (5th Cir. 1986) (internal citations and footnotes omitted).

Prison officials violate the Eighth Amendment's prohibition against cruel and unusual punishment when they demonstrate deliberate indifference to a prisoner's serious medical needs, constituting an "unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976) (citation omitted). "A serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required." *Gobert v. Caldwell*, 463 F.3d 339, 345 n. 12 (5th Cir. 2006) (internal citations omitted). A prison official acts with deliberate indifference if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (adopting "subjective recklessness as used in the criminal law" as the appropriate definition of deliberate indifference under the Eighth Amendment); *see Reeves v. Collins*, 27 F.3d 174, 176–77 (5th Cir.1994) (applying *Farmer* to medical care claim). Such deliberate indifference is impermissible whether it "is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care...." *Gamble*, 429 U.S. at 104-105 (footnotes omitted).

Deliberate indifference "is an extremely high standard to meet." *Domino v. Texas Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir.2001) (internal citations omitted). Negligence is insufficient to meet that standard. *Hare*, 74 F.3d at 650. Unsuccessful medical treatment or medical malpractice do not constitute deliberate indifference, nor does plaintiffs' disagreement with decedent's medical treatment, absent exceptional circumstances. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir.1991). A showing of deliberate indifference requires the prisoner to submit evidence that prison officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th

Cir.1985). Likewise, "[t]he failure to provide pre-trial detainees with adequate protection from their *known* suicidal impulses is actionable under § 1983." *Evans v. City of Marlin, Tex.*, 986 F.2d 104, 107 (5th Cir. 1993) (quoting *Rhyne v. Henderson County*, 973 F.2d 386, 391 (5th Cir.1992) (emphasis supplied).

The Fifth Circuit has recently examined a pre-trial detainee suicide case in *Brumfield v. Hollins*, 551 F.3d 322 (5th Cir. 2008). In *Brumfield*, the decedent was intoxicated, allowed to keep his shoelaces while incarcerated, and committed suicide within the first twenty-four hours of incarceration. *Id.* at 325. Further, upon discovery, none of the corrections officers ever attempted to resuscitate the decedent, and paramedics did not arrive on scene until fifteen to twenty minutes after the body was discovered. *Id.* However, these facts alone did not give rise to any constitutional violation nor did they prove that the Sheriff, jailers or other deputies had any awareness of a known danger. *Id.* at 327-333. The district court in *Brumfield* also found probative the fact that the prison had been in operation for seventy years without constitutional violations, and there was a complete lack of evidence demonstrating specific harm or danger to the decedent. *Id.* at 332.

In regard to the alleged failure to undertake life-saving measure, the Fifth Circuit in *Brumfield*, provided clear and relevant guidance to the facts of this case:

> [Plaintiff] argues that because [the sheriff's] deputies failed to undertake any life-saving measures on [decedent detainee], they violated [his] constitutional right to reasonable medical care with subjective deliberate indifference and, consequently, municipal liability is appropriate. The facts at issue here are undoubtedly tragic-the deputies saw [decedent detainee] lying on the floor in his cell; three different people felt for a pulse, found none and assumed [decedent detainee] was dead; they neither removed the shoestring noose from [his] neck nor attempted to resuscitate him; they took pictures of [decedent detainee's] body and the scene of the suicide; and twenty minutes elapsed before the ambulance crew arrived, removed the noose from [decedent detainee's] neck, and began life-saving techniques. While the deputies' conclusion that [decedent detainee] was already dead and their resulting failure to make any attempt to save [his] life are arguably negligent, negligent conduct alone does not amount to deliberate

indifference. More importantly, [plaintiff] has presented no evidence pointing to a [municipal] custom or policy that was the moving force behind the deputies' conduct. Accordingly, [the municipality] is not liable under § 1983 for denial of reasonable medical care.

551 F.3d at 332-333 (internal citations omitted).

The remaining claims under § 1983 are those against the LaFourche Parish Ambulance District No. 1, Sandi Autin, Sheriff Craig Webre and Warden Cortrell Davis. As a preliminary matter, the parties in this case have stipulated that LaFourche Parish Ambulance District No. 1 ("LPAD") is a political subdivision of the State of Louisiana and further that Sandi Autin is an Emergency Medical Technician-Basic ("EMT-B") who was employed by the LaFourche Parish Ambulance District No. 1 at all relevant times.[1]

Applying the foregoing law to the facts of this case, there is no evidence that any of these defendants were deliberately indifferent to the serious medical needs of Christian Bush. There has been no evidence that the LPAD knew of and disregarded an excessive risk of health or safety to Christian Bush. *See Farmer*, 511 U.S. at 837; *Reeves*, 27 F.3d at 176-77. There were no facts, of which any LPAD personnel could have known of or been aware, that Christian Bush was contemplating suicide at the time of his death. Instead, Mr. Bush was medically screened within 72 hours of admission to the institution, in accordance with Louisiana Administrative Code Title 22, Part III, § 2909(I). Under verbal orders from a physician's assistant, LPAD employees administered Benadryl to Mr. Bush and proceeded to monitor him in accordance with routine practices at the detention center. LPAD employee, Sandi Autin, faxed a medical records request to Mr. Bush's local pharmacy, Pearl Clinic, in Mississippi on the morning of April 29, 2008, with a follow-up phone call within two hours thereof. On the day of Mr. Bush's suicide,

---

[1] LPAD is not a qualified health care provider for purposes of the Louisiana Medical Malpractice Act; therefore, plaintiffs' claims against LPAD are properly before this Court and not subject to the requirements of La. R.S. 40:1299.47.

the actions of LPAD personnel similarly did not rise to the level of deliberate indifference once they were notified of decedent's condition and arrived on scene. As stated by the *Brumfield* court, the LPAD's actions can be argued to have been negligent, at worst, and negligence falls plainly short of deliberate indifference. *See Brumfield*, 551 F.3d at 333. The Court finds that there simply are no facts from which a reasonable jury could find that the LPAD was deliberately indifferent to Christian Bush's serious medical needs.

There are likewise no facts that would clearly evince a wanton disregard, on behalf of Sheriff Craig Webre and/or Warden Cortrell Davis, for any serious medical needs of Christian Bush. A sheriff not personally involved in the acts that deprived the plaintiff of his constitutional rights is liable under section 1983 if: 1) the sheriff failed to train or supervise the officers involved; 2) there is a causal connection between the alleged failure to supervise or train and the alleged violation of the plaintiffs' rights; and 3) the failure to train or supervise constituted deliberate indifference to the plaintiffs' constitutional rights. *Smith v. Brenoettsy*, 158 F.3d 908, 911-12 (5th Cir.1998). Proof of more than a single instance of the lack of training or supervision causing a violation of constitutional rights is normally required before such lack of training or supervision constitutes deliberate indifference. *Snyder v. Trepagnier*, 142 F.3d 791, 798-99 (5th Cir.1998); *Thompkins v. Belt*, 828 F.2d 298, 304-305 (5th Cir. 1987). The plaintiff must generally demonstrate at least a pattern of similar violations. *Snyder*, 142 F.3d at 798. Standing alone, an expert's opinion is generally not enough to establish deliberate indifference. *Id.* at 799. Furthermore, the inadequacy of training must be obvious and obviously likely to result in a constitutional violation. *City of Canton*, 109 S.Ct. at 1205 n. 10 (1989). A limited exception for single-incident liability exists only "where the facts giving rise to the violation are such that it should have been apparent to the policymaker that a constitutional violation was the highly

predictable consequence of a particular policy or failure to train." *Burge v. St. Tammany Parish*, 336 F.3d 363, 372 (5th Cir.2003).

Given the "extremely high standard" of deliberate indifference, the record is devoid of facts from which a reasonable jury could find that Sheriff Craig Webre and/or Warden Cortrell Davis were deliberately indifferent to Christian Bush's medical needs. *See Domino*, 239 F.3d at 756. There are no facts proving a pattern of constitutional violations due to a failure to train, nor are there any facts to prove that either defendant should have known that a constitutional violation was the "highly predictable consequence" of their particular policies. *See Burge*, 336 F.3d at 372. Police personnel are not required to "unerringly detect suicidal tendencies," and the failure to train custodial officials in screening procedures to detect latent suicidal tendencies does not rise to the level of a constitutional violation. *Evans*, 986 F.2d at 107-108 (internal citations omitted). Accordingly, plaintiffs' have wholly failed to prove that any of the defendants in this case were deliberately indifferent in violation of Christian Bush's Eighth Amendment rights, and this Court finds that no reasonable jury could for the plaintiffs' on these claims.

In order for Sandi Autin to be held liable, the plaintiffs must allege facts sufficient to prove that Autin exercised gross negligence or recklessness in the performance of her obligation to render medical care to Christian Bush. *See* La. R.S. 40:1233; La. R.S. 37:1732; La. R.S. 9:2798.1. There is no evidence from which a reasonable jury could find that Sandi Autin was grossly negligent or reckless in the discharge of her duties as an EMT-B. Reckless disregard connotes conduct more severe than negligent behavior. *Lenard v. Dilley*, 01-1522 (La. 1/15/02), 805 So.2d 175, 180. Reckless disregard is, in effect, gross negligence. *Id.* As discussed above, gross negligence has been defined by the Supreme Court of Louisiana as "the want of even slight care and diligence. It is the want of that diligence which even careless men are accustomed to

exercise." *Id.* The facts show that EMT Autin conducted a medical screen of Christian Bush on the morning of April 29, 2008. That same morning, Autin faxed a request for medical records on behalf of Bush, to his local pharmacy, Pearl Clinic, in Mississippi and also followed up on this request with a phone call just a few hours later. No reasonable jury could find that Sandi Autin was reckless or grossly negligent in the performance of her duties, as set forth by accepted standards of EMT-B personnel and the internal practices in place at LaFourche Parish Detention Center.

Because the Court finds that the plaintiffs have failed to prove deliberate indifference on behalf of any named defendant, we need not reach the issue of qualified immunity.

## CONCLUSION

For the foregoing reasons, all Defendants are entitled to judgment as a matter of law as to the 42 U.S.C. § 1983 claims for deliberate indifference, and Defendant Sandi Autin is entitled to judgment as a matter of law on all claims. Plaintiffs' claims against Sandi Autin, as well as all claims under 42 U.S.C. § 1983 against LaFourche Parish Ambulance District No. 1, Sheriff Craig Webre and Warden Cortrell Davis are hereby Dismissed WITH PREJUDICE. It is SO ORDERED, in New Orleans, Louisiana, this 26 day of January, 2012.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE